GRIFFIN MARCY V. FRANK D. M. DAVIS, CIRCUIT JUDGE OF IONIA COUNTY.

CERTIORARI—ISSUANCE OF WRIT BEFORE PRESENTATION OF BOND TO CLERK.

Relator applied for *mandamus* to compel respondent to vacate an order denying his petition as plaintiff in *certiorari* to file an amended bond, and granting the motion of the defendant in *certiorari* to dismiss the writ on the ground that it was issued before the required bond had been presented to the clerk. An order to show cause was denied.

*McGarry & Nichols and M. A. Nichols,* for relator, contended:

1. That respondent based his decision upon How. Stat. § 8311, which provides "that after the rendition of judgment against the defendant in any suit under the provisions of this chapter (chapter 286, relating to Forcible Entry and Detainer) no *certiorari* shall be allowed unless the defendant shall make and execute to the complainant a bond, the penalty to be fixed by the officer allowing the *certiorari,* not less than twice the amount of the annual rent of the premises in dispute, with good and sufficient sureties, who shall justify, and also be approved by said officer," etc., holding that under this section it was absolutely necessary to present the bond to the clerk before the writ could issue, and that in default of such presentation the circuit court obtained no jurisdiction of the writ; that counsel for the plaintiff in *certiorari* contended that said section should be construed in the light of the whole of chapter 286, as well as of How. Stat. chap. 249, where the practice on *certiorari* from justice's court is prescribed.

2. That How. Stat. § 8307 (being section 25 of chapter 286), provides for an appeal by the aggrieved party to the circuit court "within the same time, in the same manner, and that return may be compelled, and the same proceedings shall be thereon had as near as may be, and with the like effect as in cases of appeals from judgments rendered before justices of the peace," etc.; that How. Stat. § 8310, which authorizes the review of a judgment rendered under chapter 286 by *certiorari,* and How. Stat. § 8311, which provides for the bond to be given by the plaintiff in *certiorari,* fail to provide for the proper practice in such *certiorari* cases; hence the practice should be the same as on *certiorari* from justice's court under the general statute.

3. That How. Stat. § 7033, provides that the affidavit required to be made in order to the issuance of a writ of *certiorari* to review a justice's judgment shall, within 30 days after the rendition of such judgment, be presented to one of the circuit judges, or to a circuit court commissioner of any county of this State, and if he be satisfied that an error has been committed by the justice or jury in the proceedings, verdict, or judgment he shall allow the *certiorari* by indorsing his allowance thereon;" that How. Stat. § 7034, provides "that the party obtaining such *certiorari* shall execute to the opposite party a bond, with one or more sufficient sureties, to be approved by the judge or commissioner who allowed the *certiorari* or by the justice who rendered the judgment" in a penalty and conditioned as fixed in said section, while How. Stat. § 7038, provides that "such writ of *certiorari* shall, within 10 days after it shall have been issued, or within such other time as the officer allowing the same shall direct at the time of allowing said *certiorari,* be served upon the justice by whom the judgment was rendered, together with the bond given, and a copy of the affidavit on which the writ was allowed, and the sum of $2 shall be paid to the justice for his fees for making a return to the *certiorari,* and no *certiorari* shall be of any effect until all the preceding requisitions shall have been complied with;" that these sections do not contemplate that the bond shall be presented to the officer allowing the writ before the same is allowed; that the very language of the statute negatives such an idea, for it says that the bond shall be presented for approval to the party who allowed the *certiorari;* that under these sections the writ of *certiorari* is first to be allowed, and then the bond presented for approval, after which, and within ten days, it is to be filed with the justice who rendered the judgment; citing *Sherwood v. Circuit Judge,* 80 Mich. 270; that if the giving of the bond is jurisdictional at all, the jurisdiction is not affected until the time in which it is to be filed with the justice has been allowed to expire, namely, ten days from the issuance of the writ.

4. That respondent, in indorsing his allowance of the writ, stated that it should issue on the relator's filing a bond in a penalty of $250; that it would appear from this that the respondent contemplated that the clerk should approve the bond; that under the Sherwood case this could not be done, it being expressly held in that case that the officer allowing the writ shall approve the bond.

5. That the words, "no *certiorari* shall be allowed," found in section 8311, contemplate simply that the justice of the peace cannot be compelled to make his return until the proper bond is filed with him, and not then unless it is filed within the ten days prescribed by the statute; that said section does not say that the bond shall be presented before the writ shall issue, but that no *certiorari* shall be allowed unless such bond is given.

6. That the bond given by relator was defective; that relator offered to file and serve a new and sufficient bond, which he had a right to do under the statute; that the court erred in not permitting him to do so and in granting the motion to dismiss the writ.

7. That the practice on *certiorari* is analogous to that on appeal and writ of error; citing 4 Enc. Pl. & Pr. 132; that if the rules governing appeals and writs of error are to control in this case, the court did not lose jurisdiction; citing *Durand v. Circuit Judge*, 76 Mich. 624; *Snyder v. Circuit Judge*, 80 Id. 511.

The facts as alleged in the petition for *mandamus* were:

*a*—That relator, desiring to review by *certiorari* a judgment rendered against him by a justice of the peace in summary proceedings to recover the possession of land, presented to respondent on January 7, 1896, the required affidavit, upon which respondent made and signed the following indorsement: "Let the writ of *certiorari* issue as within prayed by complainant's giving a bond in the sum of $250;" that on the same day, on the presentation of said affidavit to the clerk of respondent's court, a writ of *certiorari* in the usual form was issued to said justice of the peace, which writ was on the same day served upon said justice.

*b*—That on January 13, 1896, relator executed and filed with said justice of the peace a bond conforming, as relator supposed, to the statute, and on January 31, 1896, the justice made his return to said writ.

*c*—That on March 4, 1896, the defendants in *certiorari* moved to dismiss said writ on the grounds, among others, that said bond was not executed according to law; that said writ was issued before the execution of said bond, and that said bond was not made and executed and delivered to the justice until six days after the allowance of said writ; that said motion came on for hearing; that relator filed a petition praying for permission to file an amended bond conforming in all respects to the requirements of the statute; that such permission was refused by respondent, who made an order dismissing said writ of *certiorari*.

*d*—That the only question argued or raised by the counsel for the defendants in *certiorari* on the hearing of said motion was that the court did not obtain jurisdiction of said cause, by reason of the bond filed, as aforesaid, not having been presented to the clerk of the court before the issuance of said writ; that respondent, in granting said motion, announced as his reason therefor that the court had no jurisdiction, as, in his opinion, the statute contemplated that said bond should be presented to the clerk before the issuance of said writ.